## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JULIA HECK, | : |
| | : CIVIL ACTION NO.17-CV-____ |
| Plaintiff, | : |
| vs. | : |
| | : |
| | : |
| XG PLATINUM, | : |
| | : |
| Defendant. | : |

### COMPLAINT - JURY TRIAL DEMANDED

**I.  INTRODUCTION**

1. Plaintiff Julia Heck brings this action for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by the Americans with Disabilities Act (ADA), as amended, 42 U.S.C. §12101, et. seq., while she was an employee of XG Platinum (hereinafter "XG").  Specifically, she alleges that her employment was terminated as a result of Defendants' irrational fears about her when she notified them that she had been diagnosed with post-traumatic stress disorder, and that the Defendant's actions caused her mental distress and humiliation, and loss of employment and compensation.  She seeks back pay, reinstatement or front pay, compensatory and punitive damages as well as attorneys fees and the costs of this action.

**II.  JURISDICTION**

2. Jurisdiction of this civil rights action is conferred on this Court by 42 U.S.C. §§ 717(c) and 706, and 28 U.S.C. §§ 1343 and 1331.

3. Venue herein is proper under 28 U.S.C. § 1391(b) and (c), and 42 U.S.C. § 2000e-5(f)(3) as the acts complained of herein all occurred within this judicial district.

1

**III.   PARTIES**

4.   Plaintiff Julia Heck is a citizen of the U.S. currently residing in Greeley, CO and is subject to the jurisdiction of this court.

5.   Defendant XG is now, and was at all relevant times, a corporate entity organized under the laws of the State of Colorado conducting business at 2506 6th Ave., Garden City, CO. At all relevant times XG had at least 15 employees, is capable of being sued under the ADA, and is therefore subject to the jurisdiction of this court.

**IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6.   All conditions precedent to the institution of this suit have been fulfilled. A charge of discrimination was filed with the EEOC against the Defendant on February 16, 2016. On October 28, 2016, a Notice of Right to Sue was issued by the EEOC for charge #541-2016-00969 against XG. The right to sue letter was received by plaintiff on or about November 7, 2016. This action is filed within ninety (90) days of plaintiff's receipt of the notice.

**V.   STATEMENT OF FACTS**

7.   Plaintiff started working for XG as a Receptionist on November 2, 2015. XG is a dispensary involved in the lawful sale of cannabis and cannabis food products for medical and recreational use. Ms. Heck's starting level of pay was $10.00 an hour.

8.   During the succeeding months Ms. Heck performed satisfactorily and received positive feedback about her work performance from management.

9.   On January 27, 2016 plaintiff met with Erica Pilch, the store manager, to discuss her 90 day evaluation.

10.   During their conversation plaintiff mentioned that she suffered from post-traumatic stress disorder (PTSD).

11. Ms. Pilch thanked plaintiff for providing the information about her disability and asked plaintiff not to mention her disability to anyone else. She did not explain why plaintiff was not to share this information with anyone.

12. Later that day plaintiff met with her supervisor, Jessica Hanak, to discuss the lack of training, a move to a "budtender" position and other work related issues. Ms. Heck also discussed with Ms. Hanak her PTSD.

13. At no time during these two conversations did either Ms. Hanak or Ms. Pilch say there were any problems with Ms. Heck's job performance.

14. In fact, only a week or two before their meeting, Ms. Pilch told plaintiff she had performed well and issued plaintiff a raise to $10.50 an hour, plus tips.

15. On February 1, 2016, at the end of her shift plaintiff was informed by Ms. Hanak that XG had decided to terminate her employment.

16. In the conversation with Ms. Hanak plaintiff was told that she had "overstepped her boundaries" for sharing too much information with Ms. Pilch by discussing her disability.

17. Ms. Hanak said that the discharge was not her decision and that it did not have anything to do with plaintiff's job performance.

18. The effects of plaintiff's condition in its untreated state significantly limits her in the major life activities of daily functioning, interrelating with others, and working, among others. Plaintiff therefore has a disability within the meaning of the ADA, as amended.

19. At the time of her termination plaintiff was able to perform the duties of her position even without a reasonable accommodation and therefore is a qualified individual with a disability under the ADA.

## COUNT I

## ADA VIOLATION AGAINST XG PLATINUM

20. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 as though set forth fully herein.

21. Given the close proximity in time between her disclosure of her condition to Defendant's management, Ms. Pilch's caution that plaintiff was not to share her condition with anyone else, the comments by Ms. Hanak, and the proffered reason given for her firing, XG terminated plaintiff's employment based upon her disability of PTSD.

22. Defendant's act of terminating plaintiff because of her disability constitutes an intentional violation of the Americans with Disabilities act, Title 42 U.S.C. § 12101, et seq.

23. As a direct result of defendant's willful and unlawful actions in violation of the ADA, plaintiff has suffered emotional pain and distress, and has sustained a loss of earnings and benefits, and a loss of front pay.

24. Defendant's actions were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADA, and plaintiff is therefore entitled to receive an award of punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding punitive damages;

(d) Order her reinstatement, or in the alternative, award front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 30th day of January, 2017.

                                                Respectfully submitted,

By: *s/Ralph E. Lamar, Esq.*
     Ralph E. Lamar
     Attorney I.D. No. 44123
     8515 Braun Loop
     Arvada, CO 80005
     (303) 345-3600
     ralphlamar@ymail.com

     Attorney for Plaintiff